IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 05-HS-0560-E |
| | ) | |
| TALLAPOOSA COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION**

Jamie Ray, an inmate at the Tallapoosa County Jail, has filed a *pro se* civil action in which he complains about various conditions of confinement he has been forced to endure at the Tallapoosa County Jail. In spite of his grievances, officials at the Tallapoosa County Jail refuse to assist him.

District courts are to construe claims made by pro-se plaintiffs in a liberal fashion. Applying such a standard of review in this case, the claims against the defendants in this action appear to be grounded, in part, in the Eighth and/or Fourteenth Amendments to the United States Constitution. To the extent the plaintiff's allegations are constitutional in nature, same shall be construed as a civil rights case pursuant to 42 U.S.C. § 1983. Plaintiff also alleges he is physically handicapped and that the structure of the jail does not satisfy his needs as a disabled individual. Thus, the court shall also construe the plaintiff's complaint to be an attempt to state a claim against the defendants under the Americans with Disabilities Act.

Since the plaintiff's complaint involves matters of constitutional and federal law, venue is not proper in the Northern District of Alabama.  Proper venue for civil rights and the particular disability actions mentioned, against the named defendants, is governed by 28 U.S.C. § 1391(b), the general venue statute applicable to federal district courts, which reads:

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff is housed at Tallapoosa County Jail in Dadeville, Alabama.  Further, all defendants are located in Tallapoosa County, Alabama.  All actions giving rise to this complaint occurred in Dadeville, Alabama.  Tallapoosa County is within the purview of the United States District Court for the Middle District of Alabama.  Therefore, because all defendants are located in the Middle District, and the incidents giving rise to the plaintiff's complaint occurred in that district, only the United States District Court for the Middle District of Alabama provides the proper venue for the plaintiff's civil rights action.  28 U.S.C. § 1391(b).

For the above reasons, transfer of the plaintiff's civil rights action to the Middle District of Alabama would result in a more convenient and efficient resolution of the issues presented by the plaintiff.  28 U.S.C. § 1404(a).  Therefore, this action is due to be

**TRANSFERRED** to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a).[1]

An appropriate Order shall be entered.

The Clerk is **DIRECTED** to serve a copy of this Memorandum of Opinion on the plaintiff.

**DATED**, this 14th day of April, 2005.

                                                                                   _____
                                                                                   **VIRGINIA EMERSON HOPKINS**
                                                                                   United States District Judge

---

[1] The court notes that the plaintiff has filed an application to proceed *in forma pauperis* along with his complaint, although he contends jail staff would not properly execute the certification page. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to any deficiencies in the plaintiff's indigency application as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Alabama.